**FILED**

DEC 02 2022

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

for the

Western_____ District of _Texas_____

)

)

,

)         Civil Action No.  6: 2 2cv 1252

)

)

)

)

Plaintiff; Adrian Gilliard Pro se

Defendant:Limestone County District Attorney Office ,

Limestone county District Attorney Roy DeFriend County Attorney Jeff

james.

A Complaint of malicious prosecution and false arrest/imprisonment

Adrian Gilliard Pro se

Po box 702

Groesbeck Tx 76642

mracgill@gmail.com

Plaintiff

District attorney office

200 w state

Groes

District Attorney Roy DeFriend

200 W State suite 101

Groesbeck Tx, 76642


Jeff James

County Attorney

200 W state suite 101

GroesbeckTx 76642


**Jurisdiction Plea**

This case is in the jurisdiction of this Court because it is invoked under  28

U.S. Code § 1343


**Table of contents**

Introduction.................................................. Pg.6

3

Allegations…………………………………………….pg.6

Status…………………………………………....pg 7

Grand Jury Investigations………………………….pg.13

Prosecutors……………………………………….pg14

Facts………………………………………….....pg14

immunity………………………………………….pg17

conclusion……………………………………….pg18

## Introduction

On April 30,2022 I was in a near fatal motorcycle accident in Mexia Tx  In

which I had my replica army 1856 single action black powder gun. I was

care flighted to Baylor Scott and White hospital in Temple Tx ,were I

remained in a coma for five days released on May 5 2022 . with six

fractures,unable to see out right eye,road rash, multiple bumps, bruises,brain

injury.August 3 2202 I was still recovering when arrested and still have to

undergo multi operations due to my motorcycle accident .

## Allegations

On April 30 .2022 the day of the accident I don't remember ,but was told I was carrying my 44 cal army 1858 black powder cap and ball replica, and the Mexia police had it. I was not going to participate  in or departing  gang meetings nor fleeing a commission of crime. Around the 10th of may i contacted the Mexia police department, and was told by an officer he would see what i have to do and he would have to do to return the replica to me,I was contacted back and he explained he did not know why the replica was not being returned to me other than open case for bodily injury case and without  convictions,but  the D A had plans to indict you on  felony possession of firearm by felon.i contacted the D A office in person and was informed by a person who i believe to be investigator for the office,said to me to get a lawyer I informed to that person it was cap and ball black power.He said a explosion makes projectile exit barrel .

**Texas law**

Tex. Penal Code § 46.01

Sec. 46.01. DEFINITIONS. In this chapter:

(3) "Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter and that is:

(A) an antique or curio firearm manufactured before 1899; or

(B) a replica of an antique or curio firearm manufactured before 1899, but only if the replica does not use rimfire or centerfire ammunition.[1]

Texas Penal Code 46.02 –

Unlawful Carrying Weapons

Current as of: 2022 |

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly carries on or about his or her person a handgun;

---

[1]

(2) at the time of the offense:

(A) is younger than 21 years of age; or

(B) has been convicted of an offense under Section 22.01(a)(1), 22.05, 22.07, or 42.01(a)(7) or (8) committed in the five-year period preceding the date the instant offense was committed; and

(3) is not:

(A) on the person's own premises or premises under the person's control; or

(B) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

(a-1) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which:

(1) the handgun is in plain view, unless the person is 21 years of age or older or is licensed to carry a handgun under Subchapter H, Chapter 411, Government Code, and the handgun is carried in a holster; or

(2) the person is:

(A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating; or

(B) prohibited by law from possessing a firearm.

**Gun laws in Texas**

Texas has state preemption of gun laws, so local governments can not further restrict or regulate the possession or use of firearms. Texas does not restrict NFA weapons that are legally possessed under federal law. The state does not require background checks for private sales of firearms.Black powder pistols and long arms are not considered to be firearms in the state of Texas and may be freely carried either open or concealed without permit or prejudice.[2]

18 U.S. Code Chapter 44 - FIREARM

18 U.S. Code § 921 - Definitions

(a)As used in this chapter—

(1)The term "person" and the term "whoever" include any individual, corporation, company, association, firm, partnership, society, or joint stock company.

(2)The term "interstate or foreign commerce" includes commerce between any place in a State and any place outside of that State, or within any

_____

From Wikipedia, the free encyclopedia

possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between places within the same State but through any place outside of that State. The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

(3)The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such a term does not include an antique firearm.

(4)The term "destructive device" means—

(A)any explosive, incendiary, or poison gas—

(i)bomb,

(ii)grenade,

(iii)rocket having a propellant charge of more than four ounces,

(iv)missile having an explosive or incendiary charge of more than one-quarter ounce,

(v)mine, or

(vi)device similar to any of the devices described in the preceding clauses;

(B)any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and

(C)any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10; or any other device which the Attorney General finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting, recreational or cultural purposes.

(5)The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or

redesigned and made or remade to use the energy of an explosive to fire

through a smooth bore either a number of ball shot or a single projectile for

each single pull of the trigger.

(6)The term "short-barreled shotgun" means a shotgun having one or more

barrels less than eighteen inches in length and any weapon made from a

shotgun (whether by alteration, modification or otherwise) if such a weapon

as modified has an overall length of less than twenty-six inches.

(7)The term "rifle" means a weapon designed or redesigned, made or

remade, and intended to be fired from the shoulder and designed or

redesigned and made or remade to use the energy of an explosive to fire only

a single projectile through a rifled bore for each single pull of the trigger.

Black powder pistols and long arms are not considered to be firearms

in the state of Texas and may be freely carried either open or concealed

without permit or prejudice

**Prosecutors**

Prosecutors are absolutely immune from liability, which means that they
cannot be sued for their decisions as prosecutors, no matter how outrageous
their conduct. prosecutors generally are not absolutely immune for
investigatory functions.There are, however, limits to this immunity.  And  28
U.S. Code § 1343 address this,the person bringing a malicious prosecution
suit can show that the prosecutor acted outside his authority in the process of
investigating or pursuing a criminal case, the immunity will not extend to
those actions in most jurisdictions


The prosecution is the legal party responsible for presenting the case against
an individual suspected of breaking the law, initiating and directing further
criminal investigations, guiding and recommending the sentencing of
offenders, and are the only attorneys allowed to participate in grand jury
proceedings. The prosecutors decide what criminal charges to bring, and
when and where a person will answer to those charges. In carrying out their
duties, prosecutors have the authority to investigate persons, grant immunity
to witnesses and accused criminals, and plea bargain with defendants.In
addition to filing charges, prosecutors participate in every part of the
investigation by obtaining search warrants, asking for fingerprints, designing

12

covert operations, and interviewing witnesses. Prosecutors can offer plea

bargainsto suspects who agree to testify against others. Prosecutors may

obtain new evidence and per their discretion, can grant an appeal.

Since a prosecutor decides which crimes are important to charge and are

worthy of punishment, the crimes must have probable cause(the legal

standard which shows there is enough evidence that a crime was most likely

committed by the defendant, than not).

Prosecutors  do not have absolute immunity from liability, in the

investigation of a case and their standards and functions . In this case these

standards were nonexistent. I was wrongfully indicted,wrongfully arrested

and duties were not adhered to .

STANDARD 2.1 THE DECISION TO INITIATE OR TO CONTINUE AN

INVESTIGATION

(a) The prosecutor should have wide discretion to select matters for

investigation. Thus, unless required by statute or policy:

(i) the prosecutor should have no absolute duty to investigate any particular

matter; and

(v) unusu(c) When deciding whether to initiate or continue an

investigation, the prosecutor should consider:

(i) whether there is evidence of the existence of criminal conduct;

(ii) the nature and seriousness of the problem or alleged offense, including

the risk or degree of harm from ongoing criminal conduct;

(iii) a history of prior violations of the same or similar laws and whether

those violations have previously been addressed through law enforcement or

other means;

(iv) the motive, interest, bias or other improper factors that may influence

those seeking to initiate or cause the initiation of a criminal investigation;

(A) punish blameworthy behavior;

(

(C) provide protection to the community;

(D) reinforce norms embodied in the criminal law;

(E) prevent unauthorized private action to enforce the law;

(F) preserve the credibility of the criminal justice system; and

(G) other legitimate public interests.

(vii) the collateral effects of the investigation on witnesses, subjects, targets and non-culpable third parties, including financial damage and harm to reputation

(viii) the probability of obtaining sufficient evidence for a successful prosecution of the matter in question, including, if there is a trial, the probability of obtaining a conviction and having the conviction upheld upon appellate review; and

(d) When deciding whether to initiate or continue an investigation, the prosecutor should not be influenced by:

(i) partisan or other improper political or personal considerations, or by the race, ethnicity, religion, gender, sexual orientation, political beliefs or affiliations, age, or social or economic status of the potential subject or victim, unless they are elements of the crime or are relevant to the motive of the perpetrator; or

(ii) hostility or personal animus towards a potential subject, or any other improper motive of the prosecutor.

(e) The prosecutor's office should have an internal procedure to document the reason(s) for declining to pursue prosecution following a criminal investigation.

;

(viii) the risk of property damage, financial loss to persons or businesses, damage to reputation or other harm to persons;

(x) interference with or intrusion upon constitutionally protected rights; and

(xi) the risk of civil liability or other loss to the government.

(g) While the prosecutor may, and sometimes should, seek changes in law and policy, the prosecutor should abide by existing legal restraints, even if the prosecutor believes that they unjustifiably inhibit the effective investigation of criminal conduct.

(ii) lost opportunity if the operation is revealed;

(iii) unnecessary intrusions or invasions into personal privacy;

(iv) entrapment of otherwise innocent persons;

(v) property damage, financial loss to persons or businesses, damage to reputation or other harm to persons;

(vi) interference with privileged or confidential communications;

(vii) interference with or intrusion upon constitutionally protected rights;

(viii) civil liability or other adverse impact on the government;

(ix) personal liability of the law enforcement agents;

(i) consult with appropriate police or law enforcement agents on a regular basis about the continued propriety of the operation and the legal sufficiency and quality of the evidence that is being produced by the operation;

(ii) seek periodic internal review of the investigation to determine whether the operation's benefits   (v) the extent of the disposition of the potential criminal and civil claims against the cooperator;

(vi) a complete list of any other promises, financial benefits or understandings;

.

(j) The prosecutor should guard against the cooperator obtaining information from others that invades the attorney-client or work product privileges or violates the Sixth Amendment right to counsel.

(k) Prior to relying on the cooperator's information in undertaking an investigative step that could cause adverse consequences to the investigation or to a third party, the prosecutor should be satisfied as to the truthfulness of the cooperator.

(l) If an investigative step involves an application to a court or other official body, the prosecutor should make appropriate and required disclosures about the cooperator to the court or other body.

(m) If the prosecutor suspects that the cooperator is not being truthful, the prosecutor should take reasonable steps to address such concerns and seek further corroboration of the cooperator's information.

(n) If the prosecutor determines that a cooperator has knowingly provided false information or otherwise breached the cooperation agreement, the prosecutor should:

(i) seek guidance from a supervisor;

(ii) undertake or request the initiation of an investigation into the circumstances;

(iii) consider the possible prosecution of the cooperator, and;

(iv) carefully reevaluate the investigation.

STANDARD 2.6 THE DECISION TO ARREST DURING A CONTINUING CRIMINAL INVESTIGATION

(a) In making a tactical decision whether, when or where to arrest a subject during a continuing investigation, the prosecutor should consider the potential benefits of the arrest, including:

(i) protecting the public from a person known to present an imminent danger;

(ii) reducing the likelihood of flight;

(iii) preventing the destruction of evidence and providing an opportunity to

obtain evidence of a crime pursuant to a search incident to arrest;

(iv) stopping or deterring the harassment or coercion of witnesses or other

acts of obstruction of justice;

(v) creating an opportunity to ask questions about an unrelated crime;

(vi) encouraging other culpable individuals or witnesses to surrender to law

enforcement and to cooperate with the investigation;

(vii) inducing relevant conversation or other communication likely to be

intercepted by law enforcement; and

(viii) protecting the existence of an undercover agent or confidential

informant, a cooperator or an undercover operation.

(b) In deciding whether, when or where to arrest a subject during a

continuing investigation, the prosecutor should consider the potential risks

of the arrest, including:

(i) limiting the continued conduct of a criminal investigation by alerting

others involved in continuing criminal activity;

(ii) restricting the use of some investigative techniques;

(iii) triggering speedy charge and speedy trial rules;

(iv) triggering disclosure obligations that have been subject to delayed

notice;

(v) appearing to be illegitimate or pre-textual and thus adversely affecting community support for police and prosecution efforts; and

(vi) causing significant shame, embarrassment or prejudice to the arrestee or innocent third parties and unintended and unfair financial impacts.

(c) The prosecutor should be aware that Sixth Amendment right to counsel issues raised by the filing of criminal charges may limit the availability of some investigative options, including:

(i) use of the grand jury as an investigative technique;

(ii) soliciting incriminating information from a charged individual; and

(iii) contacts with the individuals or entities who have been charged.

.

(vi) encouraging other culpable individuals or witnesses to come forward and provide information to the investigation.

(ii) the intrusive nature of the execution of the warrant and its impact on personal privacy or on legitimate business operations;

(iii) the impact of execution of the warrant on innocent third parties who may be on the premises at the time the warrant is executed; and

(iv) the potential danger or harm to third parties.

(d) When the prosecutor is involved in an investigation, the prosecutor should review search warrant applications prior to their submission to a judicial officer. In all other cases, the prosecutor should encourage police and law enforcement agents to seek prosecutorial review and approval of search warrants prior to their submission to a judicial officer.

(f) In reviewing a search warrant application, the prosecutor should:

(i) seek to assure the affidavit is complete, accurate and legally sufficient;

(ii) seek to determine the veracity of the affiant and the accuracy of the information, especially when the application is based on information from a confidential informant; and

(iii) seek to ensure that the affidavit is not misleading and does not omit material information which has a significant bearing on probable cause.

(g) The prosecutor involved in the investigation should:

(i) generally, if time permits, meet in advance with all law enforcement and other personnel who will participate in the execution of the warrant to explain the scope of the warrant, including the area(s) to be searched and the items to be seized;

(ii) consistent with the goals of the investigation, provide legitimate business operations and third parties reasonable access to seized records;

(iv) seek to ensure that an inventory is filed as required by relevant rules; and

(v) seek to preserve exculpatory evidence obtained during a search and consider the impact of such evidence on the criminal investigation.

(i) The prosecutor should seek to prevent or minimize the disclosure of information to the public which a person or entity may consider private or proprietary.

(i) the endangerment of life or physical safety of an individual;

(ii) the intimidation of potential witnesses;

(iii) the flight from prosecution by a target of any investigation;

(iv) the destruction of or tampering with evidence in any investigation; or

(v) any other serious jeopardy to an investigation.

## GRAND JURY

(a) In deciding whether to use a grand jury, the prosecutor should consider the potential benefits of the power of the grand jury to compel testimony or elicit other evidence by:

(i) conferring immunity upon witnesses;

(ii) obtaining evidence in a confidential forum;

(iii) obtaining evidence from a witness who elects not to speak voluntarily to the police or prosecutor;

(iv) obtaining documentary or testimonial evidence with the added reliability provided by the oath and the secrecy requirements of the grand jury;

(v) obtaining documentary evidence from a third party that may be difficult to obtain from a target; and

(vi) preserving witnesses' accounts in the form of sworn testimony where the jurisdiction provides for recording or transcription of the proceedings.

(b) In deciding whether to use a grand jury, the prosecutor should consider the potential risks including:

(i) revealing the existence or direction of an investigation;

(ii) obtaining evasive or untruthful testimony from witnesses who are loyal to targets or fearful of them;

(iii) relying on witnesses to obey the commands of subpoenas directing them to produce documents or physical evidence;

(iv) granting immunity to witnesses:

(A) who are not believed culpable at the time of the grant but are later found to be culpable; or

(B) who are later found to be more culpable than the prosecutor believed at the time of the grant;

(v) exposing grand jury witnesses to reputational, economic or physical reprisal; and

(vi) exposing grand jury witnesses to collateral consequences such as lost time from employment or family obligations, financial costs of compliance, and potential damage to their reputation from association with a criminal investigation.

(c) In pursuing an investigation through the grand jury, the prosecutor should:

(i) only bring a matter before the grand jury with the primary purpose of seeking justice and to be mindful of the ex parte nature of proceedings;

(ii) prepare adequately before conducting grand jury examinations;

(iii) know and follow the laws of the jurisdiction and the rules, practices, and policies of the prosecutor's office;

(iv) pose only legal and proper questions and, if within the knowledge of the prosecutor questioning may elicit a privileged or self-incriminating response, advise the witness of the existence of the applicable privilege; and

(v) unless prohibited by the law of the jurisdiction, ensure that grand jury proceedings are recorded.

(d) The prosecutor should use grand jury processes fairly and should:

(i) treat grand jurors with courtesy and give them the opportunity to have appropriate questions answered; however, the prosecutor should not allow questions that:

(A) elicit facts about the investigation that should not become known to the witness; or

(B) call for privileged, prejudicial, misleading or irrelevant evidence;

(ii) issue a subpoena ad testificandum only if the prosecutor intends to bring the witness before the grand jury;

(iii) refrain from issuing a subpoena that is excessively broad or immaterial to the legitimate scope of the grand jury's inquiry;

(iv) make reasonable efforts before a witness appears at the grand jury to determine that the testimony is needed, including offering the witness or witness' counsel a voluntary pre-appearance conference;

(v) grant reasonable requests for extensions of dates for appearance and production of documents when doing so does not impede the grand jury's investigation; and

(vi) resist dilatory tactics by witnesses that undermine the grand jury's investigation, authority, or credibility.

(e) The prosecutor should examine witnesses with courtesy and in a manner designed to elicit truthful testimony, and should:

25

(i) consider warning a witness suspected of perjury of the obligations to tell the truth;

(ii) insist upon definite answers that will:

(A) fully inform the members of grand jury; and

(B) establish a clear record so that a witness committing perjury or contempt can be held responsible for such actions;

(iii) inform grand jury witnesses of their right to consult with their attorneys to the extent provided by the policy, procedure or law of the jurisdiction; and

(ii) the gravity of the crime(s) being investigated;

(idize the investigation or prosecution or endanger others.

(c) If the misconduct relates to the official duties of a juror or witness, it must also be reported to an

### 3. Grand Jury Investigations

3-3.5 Evidence Before the Grand Jury Unless otherwise required by the law or applicable rules of ethical conduct of the jurisdiction, the following

should apply to evidence presented to the grand jury: a. A prosecutor should

disclose any credible evidence of actual innocence known to the prosecutor

or other credible evidence that tends to negate guilt, as required by law or

applicable rules of ethical conduct;

8. The Grand Jury Charging Function 4-8.1

Prosecutorial Responsibility To the extent permitted by the jurisdiction's law

or rules, a prosecutor appearing before a grand jury: a. May explain the law

and express his or her opinion on the legal significance of the evidence; b.

Should assist the grand jury with procedural and administrative matters

appropriate to its work; c. May recommend that specific charges be returned;

d. Should recommend that a grand jury not indict if the prosecutor believes

that the evidence presented does not warrant an indictment under governing

law, and he or she should encourage members of the grand jury to consider

the fact that sufficient evidence must exist to enable the prosecutor to meet

the state's burden of proof at trial; e. Should take all necessary steps to

preserve the secrecy of the grand jury proceedings.[34]

---

[3] National District Attorneys Association National Prosecution Standards Third Edition with
Revised Comment
[4]

## Facts

August 3,2022 at 1201 am there was a knock at my door i was in basketball shorts no shoes or shirt .when i open the door a limestone county sheriff was standing outside asked me my name

After I told him,he told me to step out, turn around and place my hands behind my back. He had a warrant for me for possession of a firearm by a felon and I had a mandatory 15 000 dollar bail. Then slid shirt over me because`it was one on bed close to the door closed my door walked me to his vehicle barefooted while tenants were looking at me,it was most embarrassing .Immediately I started to experience pain,I was handcuffed for about an hour with my hands behind my back I was recovering from near fatal motorcycle accident on medication that i was required to take but not allowed to take with me .And had an doctor appointment that very morning in which i missed amd scheding was sixty 60 days out inturn got treatment plan off track.Therefore my case it is not hard to prove four elements:that constitutes malicious prosecution (1) that the original case was terminated in favor of the plaintiff, (2) that the defendant played an active role in the

28

original case, (3)that the defendant did not have probable cause or

reasonable grounds to support the original case, and(4) that the defendant

initiated or continued the initial case with an improper purpose. Each of

these elements presented a challenge deal with the plaintiff was arrested

,transported, and was placed- intake cell. I Was not allowed to get my

medication in which I was on a regiment of disorders due to a near fatal

motorcycle accident 40/30/2022.

1.on 10/18/2022 case no 15580-A was dismissed

2.Some point the grand jury convene and was given this case,Texas and US

gun law is crystal

clear.Now for the Grand jury to indict me either the grand jury was not

informed that it was a replica army 1858 cap and ball black powder gun .

which is withholding evidence or given instructions`to indict me, which

there was not any factual or legal evidence to support the indictment unless

other factors were introduced into the grand jury,Only district attorney and

city attorney would have that type of access.

3.At the time of the accident  I was carrying the black powder gun and was

not breaking any traffic laws,not  going to be leaving a commissioned

crime.No outstanding warrant. Now Mexia police department didn't ticket

me are issue an arrest warrant for being in possession of a firearm and

deemed there were no probable cause or reasonable grounds.I live in
Groesbeck Texas and have communicated Groesbeck police department
about me having the gun  they found that having prior conviction disposed
of  in 2004 there were no reason i could not own a black powder cap and ball
gun or carry it.

4.Since early May when i went in the  district attorney office informed i
believed to be an investigator and the office clerk the type of gun it was and
it was never a problem in Groesbeck or any other city i lived in .At any  of
the 3 court dates the case could have been dismissed at the request of
District attorney.It wasn't until i submitted motion to dismiss was it
dismissed


Immunity


Now office investigator  who is under the supervision of the district attorney
and county attorney fell to look and see what type of gun and its characteris
in itself allow no immunity for violations during the investigation of this
case This case should for obvious reasons the District attorney and city
attorney were never in the scope of their duties it was opposite of job

description,Arresting me for having a gun i could legally own was not serving our community immunity should have no application

It is enough to be concerned with trauma medical issues but to have unnecessary impending legal matters combined thus i am seeking damages and punitive the maximum the court will allow . Damages suffered her bil mental anguish,physical pain still recovering from motorcycle accident ,1500 dollars for bail money i did not have  ,in which have to take money from other bills in which put me behind on all bills and as of 11/10/2022 i struggle to catch up Then being put in cold cell after being handcuffed for an hour.

## Conclusion

Above are some guidelines that is recommended the district Attorney and his staff follow,in my case most were ignored,with that caused me mental, reputation ,physical pain it put me off my treatment  plan ,set me back my finances im on fixed income 15,000 bail I had to come up with 1500.I was

and family members were worried how being incarcerated would effect my health.A waste of tax payers funds man hours sherriff department, DA offic, grand jury time,the court .I know for a fact the district attorney knew my gun was cap and ball legal for me to have ,he received that information from Mexia police department,from me  and still proceed to try to send me to prison up to ten years at 61 years you can't imagine how my family felt or how i felt thinking i read law wrong before i purchased the items.i believe immunity  has nonplace for pain inflicted on me and family.


### Prayer

I pray this petition will be considered and looked upon favorably but let the law be the judge.




Respectfully submitted

/s/ Adrian Gilliard

Adrian Gilliard

PO Box 702

Groesbeck Tx 76642

mracgill@gmail.com

I, _Adrian Gilliland_____, Plaintiff pro se,
do here by certify that on the ___1___ Day of _December_____, 20 22 , a
true and correct copy of the foregoing pleading was forwarded to
, the attorney for (Defendant) by ____(State the manner of delivery - eg. U.S. Mail; Hand
Delivery; Certified Mail)____ at the following address:____(give address of Attorney for the
Defendant)___.

_Limestone County_____
_200 W State St #110_____
_Groesbeck Tx 76642_____
_254 729 3814_____

Dated: ___12/1/22____

_____
Signature of Plaintiff

Adrian Gilliard

Exhibit +

**FILED**

9:24 AM_____PM

OCT 1 1 2022

*Carol Jenkins,* DISTRICT CLERK
LIMESTONE COUNTY, TEXAS

## Cause No.15580-A

### The State Of Texas

### VS

### Adrian Gilliard  pro se

# IN THE 77TH

# JUDICIAL DISTRICT COURT OF

# LIMESTONE COUNTY TEXAS

## *Motion to Dismiss pursuant to rule 91a*

*Adrian Gilliard comes before the Honorable judge Evans requesting dismissal because evidence is legally and factually insufficient to sustain a violation of illegally carrying a firearm by a convicted felon.*

Law

Texas Penal Code 46.01

(3) "Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. *Firearm does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter and that is:(A) an antique or curio firearm manufactured before 1899; or(B) a replica of an antique or curio firearm manufactured before 1899, but only if the replica does not fire or center fire ammunition. use rim(4) Repealed by Acts 2021, 87th Leg., R.S., Ch. 642 (H.B. 957), Sec. 3, eff. September 1, 2021.* (5) "Handgun" means any firearm that is designed, made, or adapted to be fired with one hand(10) "Short-barrel firearm" means a rifle with a barrel length of less than 16 inches or a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches.

4

Texas Penal Code 46.02 -- Unlawful Carrying Weapons

Current as of: 2022 | *Check for updates* | *Other versions*

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly carries on or about his or her person a handgun;

(2) at the time of the offense:

(A) is younger than 21 years of age; or

(B) has been convicted of an offense under Section 22.01(a)(1), 22.05, 22.07, or 42.01(a)(7) or (8) committed in the five-year period preceding the date the instant offense was committed; and

(3) is not:

5

(A) on the person's own premises or premises under the person's control; or

(B) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

(a-1) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which:

(1) the handgun is in plain view, unless the person is 21 years of age or older or is licensed to carry a handgun under Subchapter H, Chapter 411, Government Code, and the handgun is carried in a holster; or

(2) the person is:

(A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating; or

(B) prohibited by law from possessing a firearm.

6

**Gun laws in Texas**

Texas has state preemption of gun laws, so local governments can not further restrict or regulate the possession or use of firearms. Texas does not restrict NFA weapons that are legally possessed under federal law. The state does not require background checks for private sales of firearms. Black powder pistols and long arms are not considered to be firearms in the state of Texas and may be freely carried either open or concealed without permit or prejudice.[i]

18 U.S. Code § 9

A(3)The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any

---

[i]Wikipedia, the free encyclopedia

7

such weapon; (C) any <u>firearm muffler</u> or <u>firearm silencer</u>; or (D) any <u>destructive device</u>. *Such a term does not include an* <u>*antique firearm*</u>.

**Definitions**

1. **Law:** means the constitution or a statute of this state or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioners court, or a rule authorized by and lawfully adopted under a statute. See Texas Penal Code 1.0 **2. Antique** made in or typical of earlier times and valued for its age: out of fashion: belonging to or lasting from times long ago:3. **Curio** Something unusual, perhaps worthy of collecting. 4. **Replica** Copy that is not the original:Something that has been copied.

## Introduction

On April 30,2022 I was in a near fatal motorcycle accident in Mexia Tx in which I wore no helmet , and I am alive are the only things I am for certain of that day, and until the six day  when I woke from coma.I was told a lot of things happened. I was told i was carrying my pietta 44 cal, black powder cap and ball,replica army 1858 pistol, Can not say I did but mine is missing. Now i was not going  to participate or departing from gang meeting,nor felony flight from commission of crime, but enjoying the right ,afforded me and every law abiding  Texas citizen to protect themselves. I am a disable veteran who served honorably in the Navy and Army retired from Department  of Veteran Affairs combined service over 30 years .Now I had been arrested for misdemeanor over exaggerated akin to this case ,one I have not been convicted of did not admit to crime so there is no foundation. They found  a instrument on me ,by me dont know have not identified as of yet,far all i know every gun that had issues could have been thrown by or placed on me i was in coma by busy intersection.

**CHAPTER 46.** *Is christal clear and* Clearly states a replica,antique will not be included in the category of firTexas has state preemption of gun laws, so local governments can not further restrict or regulate the possession or use of firearms. Texas does not restrict NFA weapons that are legally possessed under federal law. The state does not require background checks for private sales of firearms. The instrument was not loaded with rimfire ammunition. Which is the Prevailing fact against the allegation of possession, carrying a firearm.It does not constitute deadly weapon, explosive device was not in violation of traffic laws and would have received a ticket by Mexia police. Exactly what I purchased and was carrying a replica antique.Pietta Army 1858 single action Cap and ball gun.(see exhibit 1)

Pietta Firearms is the replica/historical firearm category leader in quality, dependability, and craftsmanship. Established in Gussago, italy in 1963, Pietta was instrumental in pioneering the historical firearms category.

Today, Pietta is dedicated to providing its customers with the highest quality, replica firearms of the past and innovative, modern firearms of the present. Still family-owned.

Respectfully Submitted by

Adrian Gilliard Pro Se

P O Box 702 Groesbeck Tx

979-422-1431

11

Beretta™ Classic New Army Revolvers Frame & Blued Barrel - RGB44









Click to expand

## Frame & Blued Barrel - RGB44
Pietta

### Overview

The Pietta™ 1858 New Army Revolver was one of the most popular side arms of the Civil War and was the last of the Remington percussion revolvers to be manufactured.

$669.00
Quantity:

Share this:

2                                              3

### Description

The Pietta™ 1858 New Army Revolver emulates the classic look and feel of Civil War period revolvers. The Pietta™ 1858 New Army Revolver with Brass Frame features a brass finger guard, blued cylinder, o

**Features**

- The Confederacy made these 1858 revolvers out of brass
- Brass finger guard
- Blued barrel
- Replaceable cylinder

Adrian Gillard
Exhibit 2

Cause No. 15580-A

| THE STATE OF TEXAS | § | IN THE 77TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| Adrian Gillard | § | LIMESTONE COUNTY, TEXAS |

## NOTICE OF SETTINGS

The case above is set for the following:

( )   Arraignment on _____ at 9:00 A.M.

(✓)   Pre-Trial on ____10-7-22____ at 9:00 A.M.

(✓)   Status Conference on ____12-02-22____ at 9:00 A.M.

( )   Trial on _____ at 9:00 A.M.

( )   MTA / MRP on _____ at 9:00 A.M.

Any pre-trial matters set out in Article 28.01 of the Texas Code of Criminal Procedure, **must be raised by pleadings filed seven days before the pre-trial hearing** and will not thereafter be allowed to be raised or filed, except by permission of the Court for good cause shown.

This setting can only be changed with permission of the Court.

_____
Presiding Judge

Delivered on this ___ day of ___Sept___, 20_22_, in open court to:

(✓)   Defendant: _____

( )   Defendant's Attorney: _____

✓   State's Attorney: _____




RDC 05

76701

U.S. POSTAGE PAID
PM
GROESBECK, TX
76642
DEC 01, 22
AMOUNT

**$9.00**

R2304M112498-9



Please Recycle

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; October 2018; All rights reserved.

RECEIVED

DEC 0 2 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

**FROM:**

Adrian Gilliard
P.O Box 702
Groesbeck Tx
76642

**TO:**

Western Dist. Clerk
800 Franklin Ave
RM 380
Waco Tx 76701
76701

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**DuPont™ Tyvek®**
Protect What's Inside.™





# PRIORITY® MAIL

- Date of delivery specified for domestic use.
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.
- Order supplies online.
- When used internationally, a customs declaration may be required.

PRI
M

EXPECTED DELIVERY DAY: 12/03/22

USPS TRACKING® #



9505 5143 9647 2335 2840 56

## MAILING ENVELOPE



PS0000



PS00000000013

EP14 Oct 2018
OD: 11 5/8 x 15 1/8

* Domestic only.   * F